<div style="border:1px solid black; padding:10px;">

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

</div>

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0469-17T2

JEANETTE KENNEDY,

    Plaintiff-Appellant,

v.

THE ESTATE OF EDITH
HILBERS,

    Defendant-Respondent.

_____

Argued January 31, 2019 – Decided June 17, 2019

Before Judges Simonelli, O'Connor and DeAlmeida.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-0776-15.

Kimberly Louise Gozsa argued the cause for appellant (Levinson Axelrod, attorneys; Kimberly Louise Gozsa, on the brief).

Richard J. Mirra argued the cause for respondent (Hoagland Longo Moran Dunst & Doukas, attorneys; Richard J. Mirra and Kathleen M. Huntley-Robertson, of counsel and on the brief).

PER CURIAM

In this automobile negligence action, plaintiff Jeanette Kennedy appeals from an order entered on June 2, 2017 dismissing her complaint following a jury verdict finding she had not suffered a permanent injury as a result of a motor vehicle accident caused by defendant Edith Hilbers (decedent). Plaintiff also appeals from an order entered on September 1, 2017 denying her motion for a new trial. We affirm.

On appeal, plaintiff presents the following arguments:

> POINT I: THE TRIAL COURT ERRED IN DENYING THE PLAINTIFF'S MOTION FOR A NEW TRIAL BECAUSE THE JURY'S VERDICT WAS AGAINST THE WEIGHT OF EVIDENCE AND RESULTED IN A MISCARRIAGE OF JUSTICE.
>
> POINT II: THE PLAINTIFF'S MOTION FOR A NEW TRIAL SHOULD BE GRANTED BECAUSE THE ERRONEOUS EVIDENTIARY RULINGS CLEARLY AND CONVINCINGLY RESULTED IN A MISCARRIAGE OF JUSTICE UNDER THE LAW.

This appeal arises out of an automobile accident that occurred on August 5, 2014. It is not disputed that as a result of the negligent manner in which she operated her car, decedent struck a vehicle plaintiff was driving. Plaintiff filed a complaint against decedent alleging she sustained permanent injuries as a

2

result of the accident.[1]  Plaintiff's action for damages was subject to the limitation on lawsuit threshold, commonly known as the "verbal threshold," as set forth in N.J.S.A. 39:6A-8(a), which restricts an accident victim from suing a defendant for noneconomic damages unless she suffers, among other things, "a bodily injury which results in . . . a permanent injury within a reasonable degree of medical probability . . . ."

As liability was uncontested, only the issue of damages was tried.  During trial, plaintiff contended the accident caused her to sustain three herniated discs, and inner-ear and neurological injuries that cause her to experience occasional blurred vision, dizziness, and impaired balance.  At the conclusion of the trial, in response to a question on the verdict sheet, by a vote of five-to-one, the jury found plaintiff did not "establish[] by a preponderance of the objective, credible evidence that she sustained a permanent injury for which the accident was a proximate cause[.]"

The trial court denied plaintiff's motion for a new trial, determining there was sufficient evidence for a reasonable jury to find plaintiff did not suffer a permanent injury causally related to the accident, and concluding plaintiff's

---

[1]  Decedent died after she filed her answer to the complaint.  Plaintiff thereafter amended her complaint to substitute decedent's estate as defendant.

allegations certain evidentiary rulings resulted in a miscarriage of justice were unfounded.  This appeal followed.

A "trial judge shall grant the motion [for a new trial] if, having given due regard to the opportunity of the jury to pass upon the credibility of the witnesses, it clearly and convincingly appears that there was a miscarriage of justice under the law."  R. 4:49-1(a).  "[A] jury verdict, from the weight of the evidence standpoint, is impregnable unless so distorted and wrong, in the objective and articulated view of a judge, as to manifest with utmost certainty a plain miscarriage of justice."  Doe v. Arts, 360 N.J. Super. 492, 502-03 (App. Div. 2003) (alteration in original) (quoting Carrino v. Novotny, 78 N.J. 355, 360 (1979)).

Similarly, we cannot reverse a trial court's ruling on a motion for a new trial "unless it clearly appears that there was a miscarriage of justice under the law."  R. 2:10-1; Dolson v. Anastasia, 55 N.J. 2, 5-7 (1969).  We must view the evidence in the light most favorable to the party opposing the new trial motion, Caldwell v. Haynes, 136 N.J. 422, 432 (1994), and must thoroughly "canvass the record to determine if 'reasonable minds might accept the evidence as adequate to support the jury verdict.'"  Klawitter v. City of Trenton, 395 N.J.

Super. 302, 324 (App. Div. 2007) (quoting <u>Borngesser v. Jersey Shore Med. Ctr.</u>, 340 N.J. Super. 369, 377 (App. Div. 2001)).

Here, we have carefully reviewed the record and, viewing the evidence in the light most favorable to defendant, we are satisfied the trial court did not err when it denied plaintiff's motion for a new trial. Plaintiff's arguments to the contrary lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0469-17T2